# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50107 | **DATE** | 6/30/2008 |
| **CASE TITLE** | Robinson (N 71571) vs. Chandler, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [3] and orders the trust fund officer to deduct $1.78 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Dixon Correctional Center. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) for failure to state an actionable federal claim. The case is terminated. Plaintiff's motion for appointment of counsel [4] is denied as moot. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

*/s/ Philip G. Reinhard*

Docketing to mail notices.

■ [ For further details see text below.]

## STATEMENT

    Plaintiff, an inmate at Dixon Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants delayed mailing Plaintiff's answer to a divorce petition, causing a default judgment to be entered against Plaintiff in his divorce proceedings.

    Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.78. The trust fund officer at Plaintiff's current place of incarceration is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

    However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable federal claim as a matter of law.

    Plaintiff alleges that he attempted to mail his answer to his wife's divorce petition on October 31, 2007, by placing his answer in the Dixon Correctional Center mailbag. Funds for extra postage were taken from his prison account on November 1, 2007, but the answer was not mailed until November 17, 2007. On December 12, 2007, a final judgment and decree of divorce was entered in the Superior Court of Fulton County, Georgia. Plaintiff seeks $50,000 for his "losses caused by delaying [his] mail."

    Prisoners have a constitutionally protected First Amendment interest in both sending and receiving

**STATEMENT**

mail. *See Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). However, a claim for a violation of a prisoner's First Amendment interest in receiving or sending mail requires a continuing pattern or repeated occurrences in the delay of the receipt or delivery of mail. "Allegations of sporadic and short-term delays . . . are insufficient to state a cause of action grounded upon the First Amendment." *Zimmerman*, 226 F.3d at 573; *see also Rowe* 196 F.3d at 782 (allegations of short-term and sporadic delay of receipt of mail insufficient to state a claim). Here, Plaintiff alleges one piece of mail was not mailed in a timely manner. Thus, Plaintiff does not state a claim for the violation of his First Amendment interest in sending mail. *See Zimmerman*, 226 F.3d at 573; *Rowe* 196 F.3d at 782; *see also*, *Bodnar v. Knight*, 2008 WL 348777, 07 C 0110 (S.D. Ind. Feb. 7, 2008) (episodic disruption of outgoing mail insufficient to support claim of First Amendment violation); *Pettiford v. Himelick*, 2007 WL 1100791, 07 CV 53 (N.D. Ind. April 12, 2007) (isolated incident of interference with legal mail insufficient to state a claim); *Wood v. Isaacs*, 2005 WL 2977768, 05 CV 0182 (N.D. Ind. Nov. 4, 2005) (brief delay in delivering legal mail insufficient to state a claim); *May v. Garnett*, 2005 WL 2001306, 04 C 0846 (S.D. Ill. Aug. 19, 2005) (sporadic delay in receipt of mail insufficient to state a claim).

  A deliberate delay of legal mail may also violate a prisoner's due process rights when the delay denies the prisoner meaningful access to the courts. *See Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986); *Eason v. McKee*, 1995 WL 461755, 93 C 3130 (N.D. Ill. Aug. 1, 1995). To state a cause of action, a prisoner must allege an intentional delay of, or an interference with, legitimate mail and prejudice to the claim which was the subject of that mail. *See Eason*, 1995 WL 461755 at * 1.

  In the instant case, Plaintiff did not allege an intentional delay or intentional interference with the mailing of his answer. Contrary to such allegations, Plaintiff's grievance that is attached to Plaintiff's complaint regarding the incident specifically identifies the incident as occurring due to negligence. Plaintiff's grievance states, "I'm filing this grievance against Dixon C.C. mailroom for negligence . . . because the Dixon C.C. neglected to send . . . I wish to be compensated for my loss caused by their neglect . . . ." Accordingly, Plaintiff fails to state a claim for a due process violation due to the delay in the mailing of his one piece of mail. *See Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006) (a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint); *see also Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (mere negligence insufficient to implicate an individual's due process rights for a Section 1983 claim).

  For the foregoing reasons, this suit is dismissed for failure to state a claim for which relief can be granted.

  Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

  If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."